**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

DAVID DWAYNE CASSADY, :
:
    Plaintiff, :
:
v. : CASE NO. 4:07-CV-188 (CDL)
: 42 U.S.C. § 1983
H. DWIGHT HAMRICK, Warden, :
:
    Defendant. :

## REPORT AND RECOMMENDATION

Before the court is the Defendant's Motion to Dismiss Plaintiff's action. (R-12). Defendant Hamrick alleges that Plaintiff's Complaint should be dismissed on five grounds: 1) The Eleventh Amendment protects the Defendant in his official capacity; 2) Defendant, in his official capacity, is not a person under § 1983; 3) the Plaintiff failed to state a valid Eighth Amendment claim; 4) the doctrine of vicarious liability does not apply to U.S. § 1983 actions; and 5) Qualified Immunity protects the Defendant in his individual capacity. *Id*. Plaintiff was notified of his right to respond and did so on June 12, 2008. (R-14).

## LEGAL STANDARD FOR MOTION TO DISMISS

The standard for a Motion to Dismiss was altered by the United State Supreme Court case of *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007). The decision in *Bell Atlantic* overturned the fifty year old test of "no set of facts" established in *Conley v. Gibson*, 127 S.Ct. 1969 (1957); in so holding, the Supreme Court characterized that test as an "observation [that] has earned its retirement." *Bell Atlantic*, 127 S.Ct. at 1969. The Court

of Appeals for the Eleventh Circuit addressed the new standard in *Financial Sec. Assur., Inc. V. Stephens, Inc.*, stating:

> In order for a plaintiff to satisfy his "obligation to provide the grounds of entitlement to relief," he must allege more than "labels and conclusions"; his complaint must include "[f]actual allegations [adequate] to raise a right to relief above the speculative level." *Bell Atlantic Corp. V. Twombly*, 127 S.Ct. 1955, 1964-65, 167 L.Ed. 2d 929 (May 21, 2007) (citations and quotations omitted). Stated differently, the factual allegations in a complaint must "possess enough heft" to set forth "a plausible entitlement to relief," 127 S.Ct. at 1966-67. Moreover, "while notice pleading may not require that the pleader allege a 'specific fact' to cover every element or allege 'with precision' each element of the claim, it is still necessary that a complaint 'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'" *Roe v. Aware Woman Ctr. For Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir., Unit A Sept. 8, 1981).

500 F.3d 1276, 1282-83 (11th Cir. 2007). In ruling on a motion to dismiss for failure to state a claim, the analysis "is limited primarily to the face of the complaint and attachments thereto." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.,* 116 F.3d 1364, 1368 (11th Cir. 1997). The Court must "constru[e] the complaint in the light most favorable to the plaintiff and accept [] as true all facts which the plaintiff alleges." *Day v. Taylor*, 400 F.3d 1272, 1275 (11th Cir. 2005). Nevertheless, if a complaint does not include sufficient factual allegations "to raise a right of relief above the speculative level" and "to raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claim or claims, then the complaint must be dismissed. *Watts v. Fla. Int'l Univ,* 495 F.3d 1289, 1295-96 (11th Cir.

2

2007); citing *Bell Atlantic Corp.*, 127 S.Ct. at 1965.

## PROCEDURAL HISTORY

Plaintiff filed this 42 U.S.C. § 1983 suit against the named Defendant claiming that between October and December of 2007, Defendant Hamrick was deliberately indifferent to Plaintiff's medical needs by allowing him to be exposed to environmental tobacco smoke (ETS). (R-1). Plaintiff contends that the indifference is evidenced by Defendant Hamrick's expunging an inmate's disciplinary report; officers merely telling inmates to put out their cigarettes and not disciplining them appropriately; and the unresponsiveness to Plaintiff's sick calls and grievances regarding ETS. *Id*. Plaintiff further states that he has requested the establishment of a non-smoking living unit and to be placed in protective custody because he felt his life was in danger. *Id*. Plaintiff seeks a private room with specified privileges until he should decide to change the agreement or, in the alternative, monetary damages. *Id*.

## DISCUSSION

### Eleventh Amendment Immunity

The Eleventh Amendment to the Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." In enacting 42 U.S.C. § 1983, Congress did not intend to abrogate "well-established immunities or defenses" under the common law or the Eleventh Amendment. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 67, 109 S.Ct. 2304, 2310,

3

105 L.Ed.2d 45 (1989). States are not "persons" within the meaning of § 1983. *Id.* at 64, 109 S.Ct. at 2308. Additionally, a lawsuit against a state official in his or her official capacity is no different from a suit against the state itself and such defendants are immune in that capacity. *Id.* at 71, 109 S.Ct. at 2312. Because the State of Georgia would be the real party in interest in a suit against the individual Defendant for damages in his official capacity, the Eleventh Amendment prohibits such claims. *Free v. Granger*, 887 F.2d 1552, 1557 (11th Cir.1989). To determine whether a defendant is immune from liability under the Eleventh Amendment, the Eleventh Circuit Court of Appeals has held that "...a defendant need not be labeled a 'state officer' or 'state official,' but instead need only be acting as an 'arm of the State,' which includes agents and instrumentalities of the State." *Manders v. Lee,* 338 F.3d 1304, 1308 -1309 (11th Cir. 2003); citing *Regents of the Univ. of Cal. v. Doe,* 519 U.S. 425, 429-30, 117 S.Ct. 900, 137 L.Ed.2d 55 (1997). As the warden of a state prison, Defendant Hamrick is entitled to Eleventh Amendment Immunity in his official capacity.

<u>Conditions of Confinement</u>

A plaintiff who challenges the conditions of his confinement under the standard set by the Eighth Amendment, must prove that the conditions complained of constitute "cruel and unusual punishment." *U.S.C.A Const. Amend 8.* A viable Eighth Amendment claim has both a subjective and an objective component. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970 (1994). The subjective component requires proof that the officials acted with subjective deliberate indifference to an inmate's health or safety. *See Wilson v. Seiter*, 501 U.S. 294, 302-03, 111 S. Ct. 2321 (1991). The objective component requires proof that the

4

deprivation was sufficiently serious. *See Hudson v. McMillian*, 503 U.S. 1, 8-9, 112 S. Ct. 995 (1992). A prison official may be held liable under the Eighth Amendment only if "he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847, 114 S. Ct. 1970.

The subjective and objective components are appropriate for Eighth Amendment claims in which a prisoner challenges the conditions of his confinement based on a second hand smoke ("ETS"- environmental tobacco smoke) exposure. *See Helling v. McKinney*, 509 U.S. 25, 113 S. Ct. 2475 (1993) (applying the two-prong test where the plaintiff, who was housed in a cell with an inmate who smoked five packs of cigarettes per day, brought a cause of action based on ETS exposure). The Supreme Court held that to satisfy the objective prong in an ETS exposure action, the plaintiff must demonstrate exposure to ETS that poses "an unreasonable risk of serious damage to his future health," and that the risk "is not one that today's society chooses to tolerate." *Id*. at 35-6. In *Helling*, the Supreme Court noted that "the adoption of a smoking policy . . . will bear heavily on the inquiry into deliberate indifference." *Id*. at 36.

In *Kelly v. Hicks*, 400 F.3d 1282 (11th Cir. 2005), the Court of Appeals for the Eleventh Circuit held that a prisoner's general and sself-serving statements about ETS exposure and poor ventilation failed to support a claim of deliberate indifference. The Court determined that the prisoner had established, at most, that the Defendants were negligent in enforcing the prison's non-smoking policy. *Id*. At 1285. Mere negligence, however, is insufficient to establish deliberate indifference. *Id*; *citing Farrow v. West,* 320 F.3d 1235,

5

1243, (11th Cir. 2003).

Plaintiff has failed to make a sufficient showing that Defendant was deliberately indifferent to his serious needs. Although Plaintiff states in conclusory terms that he has been exposed to second-hand cigarette smoke which has caused him to suffer from various health ailments and threaten his future health, he has not presented any scientific or statistical evidence establishing a likelihood that an injury to his health has been caused or will be caused in the future. Additionally, although Plaintiff appears to be disturbed by the lack of harsher penalties for those caught smoking, Plaintiff states in his complaint that action is being taken to stop the smoking at Muscogee County Prison. (R-1, p. 4). Specifically, Plaintiff states that inmates are told to put out cigarettes when caught smoking, disciplinary reports are written on those who smoke, and televisions are taken when inmates are caught smoking in the living units. *Id.* Thus, Plaintiff has also failed to satisfy the objective prong of an Eighth Amendment claim. Accordingly, Plaintiff has failed to state a cognizable Eighth Amendment claim.

## Qualified Immunity

Qualified immunity protects government officials performing discretionary functions from civil trials (and the other burdens of litigation, including discovery) and from liability if their conduct violates no clearly established right of which a reasonable person would have known. In sum, qualified immunity is a guarantee of fair warning. *McElligott v. Foley*, 182 F.3d 1248 (11th Cir.). The Supreme Court has held that in a case against an officer in which the Plaintiff alleges a violation of his constitutional rights, the two requirements of this

defense must be analyzed in the appropriate succession. *Suacier v. Katz*, 121 S.Ct. 2151, 2155 (2001). The first question is whether "[T]aken in the light most favorable to the party asserting the injury, do the facts show that the officer's conduct violated a constitutional right?" *Saucier* at 2156; *Seigert v. Gilley*, 500 U.S. 226, 232 (1991). On the facts of the case should they be established, if it is possible that a jury could find that a constitutional deprivation had occurred, the Court must then decide whether the right violated was clearly established at the time of the alleged wrongful acts. *Id.* at 2156. "The contours of the right must be sufficiently clear that a reasonable official would understand that he was doing violates that right." *Id.*

In *Saucier v. Katz,* cited *supra,* the Supreme Court held that if none of the Plaintiff's constitutional rights were violated had the allegations been established, "there is no necessity for further inquiries concerning qualified immunity." *Saucier v. Katz*, 121 S.Ct. 2151, 2156 (2001). Here, such is the case. The Plaintiff has failed to prove that any of the rights guaranteed to him through the United States Constitution were violated by the Defendant. Therefore, no further analysis is required. As such, it is recommended that Defendant's Motion to Dismiss be GRANTED as to any claims made against him in his individual capacity.[1]

WHEREFORE, IT IS HEREBY **RECOMMENDED** that Defendant's Motion to

---

[1] As it has been recommended that Defendant Hamrick's Motion to Dismiss be granted as to both his official and individual capacities, on other grounds, his argument regarding vicarious liability has not been discussed.

Dismiss be GRANTED and Plaintiff's action should be dismissed without prejudice for failure to state a claim upon which relief may be granted. Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may file objections to this Recommendation in writing with the UNITED STATES DISTRICT JUDGE within TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 30th day of June, 2008.

S/G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

mZc